RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 1/20/2010
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 09-00200 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BENJAMIN WARE | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant Benjamin Ware's ("Ware") "Motion in Limine in Regard to Potential 404(b) Evidence and Other Allegations of Criminal Conduct for Trial and Sentencing" ("Motion in Limine") [Doc. No. 22].

The Government has filed a "Notice of Intent to Introduce Evidence and In the Alternative Response to Defendant's Motion in Limine" [Doc. No. 25].

Ware has filed a reply memorandum in support of his Motion in Limine and in response to the Government's 404(b) Notice. [Doc. No. 26].

For the following reasons, Ware's Motion in Limine is GRANTED IN PART and DENIED IN PART.

## ALLEGED FACTS

Ware is charged in a one-count Indictment as follows:[1]

On or about May 8, 2009, in the Western District of Louisiana, the defendant, BENJAMIN WARE, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms and ammunition, to wit: a Hi Point .45 caliber pistol; a Hi Point .380 caliber point, and ammunition, in violation of Title 18, United States Code,

---

[1] Although technically there are two counts to the Indictment, the second "count" is a forfeiture allegation.

Section 922(g)(1) and 924(e)(1). [18 U.S.C. § 922(g)(1) and § 924(e)(1)]. [Doc. No. 1]. Thus, the only charge against Ware in this Court is that of possession of a firearm by a convicted felon.

The Government contends the evidence will show that Ware and two other men committed an armed robbery of the Wossman Shell station, located at 1600 S. U.S. Highway 165, Monroe, Louisiana, on May 8, 2009. The Government alleges that, while the attendant was at the coffee machine, two men, wearing masks and brandishing guns, entered the store and demanded money. The attendant emptied the cash register, but could not open the safe. One of the two men, who was not wearing a shirt, shot the attendant in the right calf when he was unable to open the safe. All of this was captured on video surveillance. When the two men exited the store, the man with no shirt waved a gun toward a customer at the gas pump. The two men then left in an older model blue truck.

A short time later, police officers stopped a truck matching this description. Lee George was the driver of the truck, Anthony Bradshaw ("Bradshaw") was the front passenger, and Ware was the rear passenger. Officers found a silver and black Hi Point .380 caliber pistol in the glove compartment, a black Hi Point .45 caliber pistol in the back seat, and a bag of money on the floor behind the driver.

Bradshaw allegedly admitted to commission of the armed robbery. He said that Ware had two guns in the backseat, and gave the black and silver pistol to Bradshaw before they entered the store. Bradshaw also said that Ware shot the clerk. Ware said that he was asleep and had no knowledge of the armed robbery.

According to the Government, police officers were able to use information from the May 8, 2009 armed robbery to identify Ware as the perpetrator of armed robberies of a clothing store in

Crossett, Arkansas, on May 7, 2009, and a convenience store in Monroe, Louisiana, on May 5, 2009. With regard to the May 7 robbery, the alleged victim identified Ware in a photographic lineup as the individual who pointed a black gun at her and robbed the store.

With regard to the May 5 robbery, the employee of the convenience store described the perpetrator as a male wearing a green shirt and holding a white towel to cover the bottom portion of his face. She further stated that the robber pointed a black and silver pistol at her. The pistol seen on the store's video appears similar to the one police officers found in the glove compartment of the truck in which Ware was a passenger on May 8, 2009. The employee picked Ware out of a photographic lineup, and police later found a green t-shirt at Ware's home similar to the shirt described by the convenience store employee.

## LAW AND ANALYSIS

Ware moves the Court to exclude "any of the information provided in discovery regarding the alleged conduct of" Ware related to "a number of robberies in the Monroe area." [Doc. No. 22, pp. 1, 2]. Ware contends that a limiting instruction would not remedy the prejudice he would suffer by the admission of such evidence.

In response, the Government indicated that it has evidence that Ware was involved in armed robberies committed on December 19, 2008; May 5, 2009; May 7, 2009; and May 8, 2009. The Government does not intend to offer evidence of the December 19, 2008 armed robbery, but it does intend to offer evidence regarding the three armed robberies in May 2009. The Government contends that the evidence related to the May 8, 2009 armed robbery is intrinsic to the crime charged, and, thus, its admissibility is not governed by Federal Rule of Evidence 404(b). If this evidence is excluded, the Government argues that the jury will not be provided "crucial background information, without which the progression of events does not make sense." [Doc. No.

25, p. 8]. The Government also contends that evidence of Ware's alleged participation in the May 5 and May 7, 2009 robberies is intrinsic because of Ware's continuing possession of the two guns at issue.

If the Court finds that evidence of the three May 2009 armed robberies is not intrinsic to the crime charged, the Government contends that evidence of these armed robberies is admissible under Rule 404(b) as highly probative of an element of the offense: possession. The Government contends that the evidence is critical because Ware is likely to claim that he never knowingly possessed the firearms; he just happened to be in a vehicle where they were found. The Government intends to present evidence of all three robberies to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident on charges in the Indictment. To the extent that any probative value is outweighed by undue cumulative effect or prejudice, the Government contends that the Court can address the prejudice by issuing a limiting instruction.

First, the Court must determine whether the evidence at issue is intrinsic and, therefore, admissible, or extrinsic and subject to the requirements of Rule 404(b). The Fifth Circuit has expressly held that "'evidence of an uncharged offense arising out of the same transactions as the offenses charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b), and is therefore not barred.'" *United States v. Asibor*, 109 F.3d 1023, 1034 (5th Cir. 1997) (quoting *United States v. Ridlehuber*, 947 F.2d 1191, 199 (5th Cir. 1991) (other citations omitted)). Similarly, evidence of another act is intrinsic if it and "evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Coleman*, 78 F.3d 154,

156 (5th Cir. 1996) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)). "This evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place." *Id.* (citing *United States v. Kloock*, 652 F.2d 492, 494-95 (5th Cir. 1981)).

Having reviewed the arguments of counsel and the precedential authority, the Court finds that the Government is entitled to present evidence of Ware's alleged armed robbery of the Wossman Shell on May 8, 2009, in order to "complete the story" of how police officers came to find that he was in possession of the firearms and ammunition at issue here. Ware was indicted for possession of a firearm, which allegedly occurred during the course of an armed robbery on May 8, 2009. Evidence of the armed robbery is intrinsic and is not governed by Rule 404(b). Ware's Motion in Limine regarding the May 8, 2009 armed robbery is DENIED.

With regard to the May 5 and May 7, 2009 armed robberies, however, the Court finds that the disputed evidence is extrinsic, not intrinsic. The armed robberies which took place on separate days are not necessary to complete the story of the crime charged in this case, are not part of one criminal episode,[2] are not necessary preliminaries to the crime charged, and are not inextricably intertwined with the May 8, 2009 armed robbery and Ware's possession of firearms and ammunition on that date. Therefore, the Court must evaluate the admissibility of evidence of these two armed robberies under Rule 404(b).

Federal Rule of Evidence 404(b) provides that evidence of other crimes or acts is not admissible to prove the character of a person, but may be admissible to prove, among other

---

[2]The Court recognizes that the three armed robberies took place over a relatively short time period of four days, but the two armed robberies in Monroe were separated by an armed robbery in Crossett, Arkansas. While it is a close question, the Court cannot say that these armed robberies were part of one criminal episode.

things, knowledge or the absence of mistake. FED. R. EVID. 404(b). The danger involved in admitting such evidence is that the jury will convict the defendant, not for the offense charged, but based on the extrinsic evidence. *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978). Therefore, extraneous-acts evidence is only admissible if (1) the evidence is relevant to an issue other than the defendant's character, and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Id.* at 911 (citing FED. R. EVID. 403).

In *United States v. Simon*, 87 Fed. Appx. 355, 2004 WL 249598 (5th Cir. Feb. 10, 2004), the Fifth Circuit examined the admissibility of Rule 404(b) evidence. In that case, believing the defendant to be involved in a burglary, law enforcement officers obtained a search warrant for his home. *Id.* at *1. While executing the warrant, they discovered equipment typically used in burglaries, some stolen property, and a gun. *Id.* Defendant was indicted on a charge of possession of a firearm by a convicted felon. *Id.* He filed a motion in limine seeking to prohibit the Government from referring to any crimes he had committed, other than the three burglaries for which he had previously been convicted, and from referring to any items recovered from his home, other than the gun. *Id.* The district court denied his motion.

On appeal, the Fifth Circuit first explained that the Government must offer sufficient proof demonstrating that a defendant committed the alleged extrinsic offense for the evidence to be relevant. *Id.* at *2 (citing *United States v. McCarty*, 36 F.3d 1349, 1353 (5th Cir. 1994)). The Government does not have to offer proof "beyond a reasonable doubt," or even clear and convincing proof, that the defendant committed the extrinsic offense. *Id.* (citing *Beechum*, 582 F.2d at 913). However, if the court determines that the jury could not reasonably find by a preponderance of the evidence that the alleged extrinsic act occurred, the court must instruct the jury to disregard the evidence. *Id.* (citing *McCarty*, 36 F.3d at 1355).

6

Assuming that the Government can meet this burden, the Court must still engage in the two-prong 404(b) analysis to determine whether the "other acts" evidence helps prove the defendant's knowledge and, if so, whether its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* at *3 (citing *McCarty*, 36 F.3d at 1353-54). In *Simon*, the Fifth Circuit determined that the district court did not abuse its discretion by admitting the "other acts" evidence because it was relevant to help prove that Simon knew he possessed the pistol, and his possession was not a mistake. *Id.* Finally, Simon argued that he did not know the gun was in his home, so it was "critical in proving Simon's knowledge." *Id.*

At this time, assuming that the lineups where Ware was identified survive a constitutional challenge, it appears that the Government can establish by a preponderance of the evidence that Ware committed the armed robberies on May 5 and May 7, 2009. Evidence of these armed robberies appears relevant because it would help to prove that Ware knowingly possessed at least one of the firearms, not that he was merely in a vehicle where firearms and ammunition were found. However, unlike in the *Simon* case, the evidence of these additional armed robberies is not "critical" to prove Ware's knowledge that he possessed the firearms at issue. Rather, the Government can show that Ware had possession of the same firearm while he committed an armed robbery on May 8, 2009, the incident which ultimately led to his arrest. On the other hand, evidence that Ware committed two additional armed robberies is highly prejudicial. Accordingly, the Court finds that evidence of the May 5 and 7, 2009 armed robberies is not admissible in the Government's case-in-chief because it is cumulative and its probative value is substantially outweighed by the danger of unfair prejudice.

However, at trial, Ware's cross-examination of the Government's witnesses could possibly result in admissibility of the May 5 and 7, 2009 armed robberies under a 404(b) analysis. Additionally, Ware could raise arguments or present evidence in his case which would allow the Government to present evidence of the two additional armed robberies in rebuttal. If, during trial, the Government believes that Ware's cross-examination of witnesses, argument, or presentation of evidence has rendered the May 5 and 7, 2009 armed robberies admissible either as substantive evidence in its case-in-chief or as rebuttal evidence, then it may seek a ruling from the Court at sidebar. Any arguments regarding the admissibility of the two additional armed robberies will be conducted outside the presence of the jurors. Defendant's Motion in Limine seeking to exclude evidence of the May 5 and 7, 2009 armed robberies is GRANTED as to the Government's case-in-chief. However, the Court reserves the right to reconsider admission of the May 5 and 7, 2009 armed robberies if Ware raises the issue during his cross-examination of the Government's witnesses and also reserves for trial any ruling on the Government's right to introduce this evidence in rebuttal.

Finally, consistent with the Fifth Circuit's persuasive authority in *Simon*, the Court will provide the jury with a limiting instruction to mitigate the prejudicial effect of the evidence of the May 8, 2009 armed robbery resulting in Ware's alleged possession of the firearms and ammunition and, if admitted, the evidence of the two additional armed robberies.

MONROE, LOUISIANA, this __20__ day of __January__, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE